```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


DALE DICKERSON, ET AL                        CIVIL ACTION

VERSUS                                       NO: 06-8056

LEXINGTON INSURANCE COMPANY                  SECTION: J
```

### ORDER AND REASONS

Before the Court is Plaintiffs Dale and Shirley Dickerson's **Motion for Application for Fees & Expenses (Rec. Doc. 37).** Plaintiffs Dale and Shirley Dickerson seek an award of attorneys fees, costs, and expenses pursuant to this Court's July 17, 2007 Judgment award in their favor.  This motion, which was opposed, was set for hearing on September 5, 2007 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that attorneys fees and costs should be awarded in the following manner and amounts.

### Background Facts

Plaintiffs filed their Petition for Damages in state court in the 24th Judicial District for the Parish of Jefferson, State of Louisiana, and named as Defendant, Lexington Insurance Company.  Plaintiffs alleged that their property suffered damages as a result of Hurricane Katrina.  This property was covered by a

homeowners' policy with Defendant.  Plaintiffs notified Defendant of their losses, but Defendant refused to tender payment up to the policy limits.

Defendant removed the action to federal court and ultimately judgment was granted in favor of Plaintiffs in the amount of $72,362.00, with legal interest from the date of judicial demand, plus penalties under La. R.S. Section 22:1220, in the amount of $50,000, with legal interest from the date of judgment, and attorneys fees.

## Discussion

**Arguments of the Parties:**

Plaintiffs state that they are entitled to attorneys fees, costs, and expenses pursuant to the Court's July 17, 2007 judgment granting such.

Plaintiffs assert two alternative bases by which this Court can calculate attorneys fees.  First, Plaintiffs state that the Court may award attorneys fees based on a contingency fee. Plaintiffs cite <u>Hymel v. HMO of Loa, Inc.</u> in support.  951 So. 2d 187 (La. App. 1st Cir. 2006) (awarding attorneys fees based upon the contingency fee contract); see also <u>Gilbeau v. Bayou Nursing Ctr.</u>, 930 So. 2d 1167 (La. App. 3d Cir. 2006) (awarding attorneys fees of 33 1/3 percent based upon a contingency fee contract, given that plaintiffs' attorney assumed financial responsibility, filed suit, conducted discovery).  As a Louisiana state court has found, "Basing the award on what the plaintiff is contractually

obligated to pay is a reasonable approach." Short v. Plantation Mgmt. Corp., 781 So. 2d 45, 65-66 (La. App. 1st Cir. 2000).

Plaintiffs testified at trial that their fee contract provided for a one third contingency fee. The total judgment awarded in this case was $122,362.00. A one-third contingency fee equals $40,783.

Alternatively, Plaintiffs seek an hourly rate of $225 for partner time and $175 for associate time. Plaintiffs state that this rate is within the normal range for this type of case. Plaintiffs' counsel expended 125 hours of partner time and 29.5 hours of associate time.

In Dwyer v. Fidelity Ins. Co., this Court approved as reasonable the attorney time of 136.75 hours. No. 06-4793 (E.D. La. August 3, 2007). Plaintiffs state further that cases with a similar amount of attorney time have been found to be reasonable from the date the case is accepted through the conclusion of trial and post-trial briefing. See, e.g., Kling v. Sec. of Dep't of Health &Human Svcs., 790 F. Supp. 145 (N.D. Ohio 1992) (finding that 191.4 hours was not excessive number of hours plaintiff counsel spent on social security case); U.S. v. A. Leasehold Interest, 789 F. Supp. 1385 (E.D. Mich. 1992) (finding that 150.9 hours of attorney time was not excessive in challenge of summary eviction); Golden Gate Audubon Soc. v. U.S. Army Corps of Engineers, 732 F. Supp. 1014 (N.D. Cal. 1989). Logging time in quarter hour increments is also acceptable. See, e.g., Martin v. Heckler, 754 F.2d 1262 (5th Cir. 1985).

Further, Plaintiffs state that paralegal time is also compensable.  Plaintiffs seek an award for paralegal time if this Court decides to award fees hourly rather than based on the contingency fee contract.  However, if the Court awards fees based on the contingency fee contract, Plaintiffs do not make a claim for payment of paralegal time.  If the Court selects the hourly rate, Plaintiffs cite <u>Dwyer</u> in support of their argument as the Court in <u>Dwyer</u> also awarded paralegal time at a rate of $60 per hour.  No. 06-4793.  Plaintiffs submit that $60.00 per hour is a reasonable rate for paralegal time.  See, e.g., <u>Samuel v. Barnhardt</u>, 316 F. Supp. 2d 768 (E.D. Wis. 2004) (finding a paralegal rate of $85 per hour reasonable); <u>London v. Halter</u>, 203 F. Supp. 2d 367 (E.D. Tenn. 2001) (finding a paralegal rate of $45 per hour reasonable).  Paralegals have spent 58 hours on this case.  This amounts to a paralegal expense of $3,480.

In addition, Plaintiffs were awarded costs under Louisiana state law as a consequence of Lexington's bad faith as well as federal law, including, but not limited to, 28 U.S.C. § 1920.  Plaintiffs assert that such costs include deposition costs, <u>E.E.O.C.. v. W&O, Inc</u>., 213 F.3d 600 (11th Cir. 2000), docket and filing fees, <u>id</u>. at § 1920(1)&(5), photocopying costs and document production as is reasonably necessary for use in the case, <u>Billings v. Cape Cod Child Development Program</u>, 270 F. Supp. 2d 175 (D. Mass. 2003), legal research, <u>U.S. v. Adkinson</u>, 256 F. Supp. 2d 1297 (N.D. Fla. 2003), and trial transcripts, <u>Berner v. British Commonwealth Pac. Airlines, Ltd.</u>, 362 F.2d 799

(2d Cir. 1966).

Plaintiffs state that they incurred $14,087.57 in copying costs, service costs, computerized research, depositions, travel expenses, transcript fees, witness fees, and other related costs and expenses. Counsel for Plaintiffs needed to travel to Boston, Massachusetts, to depose Defendant's corporate representative. That deposition was submitted into the record in lieu of live testimony without objection. Further, Plaintiffs had to depose Defendant's engineers and pay them expert testifying fees in excess of $1,000. In terms of expert witness fees, Plaintiffs' expert, Scott Wolfe, was accepted as an expert in residential general contracting. He provided an expert report (which was admitted without objection) and testified at trial. Mr. Wolfe's bill totaled $2,250 for trial preparation and testimony and appearance at trial.

In sum, Plaintiffs request a fee award of $40,783 based on the contingency contract between Plaintiffs and their counsel. Alternatively, Plaintiffs request an hourly rate of $225 for partner time ($28,125) and $175 for associate time ($5,162.50) for a total fee award of $33,287.50. In the event the Court awards an hourly fee, Plaintiffs seek a paralegal award of $3,480. Additionally, Plaintiffs request an award for court costs, copying fees, transcripts, travel expenses, deposition costs, witness fees, expert costs, and related expenses of $16,337.57.

In reply, Defendant opposes any award of attorneys fees in

5

this matter.  Defendant asserts that any alleged violation of La. R.S. 22:658 certainly occurred before the 2006 revision of that statute.  However, if the Court does award attorneys fees, Defendant has no objection to Plaintiffs' calculation based on an hourly rate in addition to costs.  But Defendant does oppose any calculation of fees based on a contingency contract.  Defendant cites Geraci v. Byrne in support of its assertion that an arrangement between an insured and an attorney for fees equaling one third of the recovery does not, by itself, entitle the insured to such an amount if and when attorneys fees are awarded for an alleged breach of duty.  934 So. 2d 263 (La. App. 5th Cir. 2006).  Instead, such a contract is merely one of the factors used in determining the reasonableness of the fees.  Id.

**Applicable Law:**

In the Fifth Circuit, state law controls both the award of and the reasonableness of fees awarded when state law  supplies the rule of decision.  Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002).  Therefore, this Court must look to Louisiana law when determining the amount of, and the reasonableness of attorneys fees.

In assessing the reasonableness of attorneys fees, there are ten factors that are to be taken into account.  State of Louisiana, Department of Transportation and Development v. Williamson, 597 So. 2d 439, 442 (La. 1992).  These include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money

6

involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.  Id. at 442.

Further, while a court may consider an attorney-client contract among other factors, it is not bound by such an agreement in determining reasonable attorneys fees.  Rather, the court should consider "the entire record, including discovery, pretrial motions, the legal issues involved and the length of trial."  Richardson v. Parish of Jefferson, 727 So. 2d 705, 707 (La. App. 5th Cir. 1999).

Despite Plaintiffs' assertion that basing the award on what the plaintiff is contractually obligated to pay is a reasonable approach, the contingency fee is not the only factor to be taken into account.  Under Louisiana law, there are 10 factors that the court should consider when judging the reasonableness of attorneys fees.  Because an hourly rate more properly takes these factors into account, an hourly rate is the proper way to award attorneys fees in this matter.  In addition, Defendant does not oppose an award of attorneys fees pursuant to an hourly rate, nor does Defendant oppose Plaintiffs' calculation of the fees based on an hourly rate.

Examining the record in light of the above mentioned factors beginning with the first factor, the ultimate result for the Plaintiffs was good.  Plaintiffs prevailed at trial on the merits

and were awarded $72,262.00 plus penalties in the amount of $50,000.  Additionally, this litigation did have some importance beyond the interest of the parties.  Being only the second hurricane lawsuit based on a homeowners policy to go to trial in this Court after Hurricane Katrina, the case addressed numerous novel legal issues pertaining to the calculation of damages under La. R.S. 22:658 and 22:1220.

As to the extent and character of the work performed, there was not an extensive amount of pre-trial motions filed.  However, Plaintiffs' counsel did file suit, take numerous depositions, engage in written discovery, hire experts, travel to Boston, Massachusetts, to depose a corporate representative of Defendant, try the case, and oppose post-trial briefings by the Defendant.

After considering the ten factors mandated by Louisiana law, Plaintiffs are to be awarded attorneys fees in the amount of $33,287.50 and paralegal fees of $3,480.00.

Plaintiffs also seek the recovery of costs.  The award of and calculation of costs is unopposed by the Defendant.  The Court finds that the requested amount is reasonable.  Therefore, Plaintiffs are to be awarded the costs of this action in the amount of $16,337.57.

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Application for Fees & Expenses (Rec. Doc. 37)** should be and is hereby **GRANTED** insofar as Plaintiffs are to be awarded attorneys fees in the amount of $33,287.50, paralegal fees of $3,480.00, and costs in

the amount of $16,337.57.

New Orleans, Louisiana this 6th day of September, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE